1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JANIE ALINE PINKNEY and DEBRA SUE PINKNEY, | Case No.: 2:08-cv-01257-RLH-GWF |
| Plaintiffs, | **O R D E R** |
| vs. | (Motions to Dismiss–##43, 87, 99, 100) |
| AMERICAN MEDICAL RESPONSE, INC., | (Motion for More Definite Statement–#120) |
| EMERGENCY MEDICAL SERVICES, | (Motion to Amend–#124) |
| MERCY, INC., SOUTHERN NEVADA | (Motion to Strike–#153) |
| HEALTH DISTRICT, MEDICAL ADVISORY | (Motion to Amend–#168) |
| BOARD, EMERGENCY MEDICAL | |
| SERVICES AND TRAUMA SYSTEMS, SEIU | |
| NEVADA, ROY CARROLL, WILLIAM | |
| (BILL) SANGER, KURT WILLIAMS, | |
| ROBERT FORBUS (AKA FORBES), EDWIN | |
| "FLIP" HOMANSKY, RICHARD MANN, | |
| DEREK COX, MARIZA LANDEROS, BEDE | |
| PARRY, JENNIFER HALL, MARJORIE | |
| BARBEAU, MAURICE KAY, ALFREDO | |
| CERVANTES, ERIC PAUL, GREGORY | |
| CLEMMONS, CHRIS HUGHES, JASON | |
| TEAGUE, JASON EDELL, "BJ" KOPKA, | |
| AMY POTTS, STEVE KRAMER, CARRIE | |
| FOX, BRAD CAMPBELL, GRAHAM | |
| JAMIESON, JAMES (BUD) ADAMS, KAREN | |
| REPOS, RORY CHETELAT, MARY ELLEN | |
| BRITT, PATRICIA BECKWITH, and | |
| STEPHEN MINAGIL, | |
| Defendants. | |

Before the Court is Plaintiffs Debra Sue Pinkney and Janie Aline Pinkney's **Motion to Amend** (#168), filed June 1, 2009. The Court has also considered an Opposition (#170) filed by Defendants Emergency Medical Services, Southern Nevada Health District, Emergency Medical

AO 72
(Rev. 8/82)

1    Services and Trauma Systems, Rory Chetelat, Mary E. Britt, Patricia Beckwith, and Stephen

2    Minagil (the "SNHD Defendants") on June 17, 2009; a Joinder (#172) to the SNHD Defendants'

3    Opposition, filed by Defendant Service Employees International Union, Local 1107 ("Local

4    1107") on June 19, 2009; an Opposition (#171) filed by Defendants American Medical Response,

5    Inc., Emergency Medical Services, Mercy, Inc., Roy Carroll, William (Bill) Sanger, Kurt

6    Williams, Robert Forbus (aka Forbes), Edwin "Flip" Homansky, Richard Main, Derek Cox,

7    Mariza Landeros, Bede Parry, Jennifer Hall, Marjorie Barbeau, Maurice Kay, Alfredo Cervantes,

8    Eric Paul, Gregory Clemmons, Chris Hughes, Jason Teague, Jason Edell, "BJ" Kopka, Amy Potts,

9    Steve Kramer, Carrie Fox, Brad Campbell, Graham Jamieson, James (Bud) Adams, and Karen

10   Repos (the "AMR Defendants") filed June 19, 2009; and Plaintiffs' Reply (#173), filed June 24,

11   2009.

12         A number of motions were pending prior to Plaintiffs' filing their Motion to Amend

13   (#168). In the other Order the Court issues in this case today (#175), the Court addresses one of

14   those motions—the SNHD Defendants' Motion for Summary Judgment under Administrative Res

15   Judicata (#93). Along with Plaintiffs' Motion to Amend, the Court now addresses the remaining

16   pending motions in this case, which include the following:

17         •   Defendant Service Employee International Union, Local 1107's **Motion to Dismiss**

18             **First Amended Complaint** (#43), filed December 30, 2008. The Court has also

19             considered Plaintiffs Janie Aline Pinkney and Debra Sue Pinkney's Opposition

20             (#89), filed January 14, 2009, and Local 1107's Reply (#105), filed January 26,

21             2009.

22         •   The SNHD Defendants' **Motion to Dismiss on Statute of Limitations Grounds**

23             (#85), filed January 13, 2009; Plaintiffs' Opposition (#104), filed January 26, 2009;

24             and the Angulo Defendants' Reply (#121), filed February 2, 2009.

25         •   The SNHD Defendants' **Motion to Dismiss Debra Sue Pinkney, Steve Minagil,**

26             **Mary Ellen Britt and Patricia Beckwith from the Litigation** (#87), filed January

AO 72
(Rev. 8/82)

1   14, 2009; Plaintiffs' Opposition (#107), filed January 28, 2009; and the above

2   Defendants' Reply (#119), filed February 2, 2009.

3   • The SNHD Defendants' **Motion for More Definite Statement** (#120), filed

4   February 2, 2009; Plaintiffs' Opposition (#151), filed March 3, 2009; and the

5   Angulo Defendants' Reply (#150), filed March 17, 2009.

6   • Defendants Emergency Medical Services, Mercy, Inc. and American Medical

7   Response, Inc.'s **Motion to Dismiss for Failure to Assert a Short and Plain**

8   **Statement of the Claim** (#99), filed January 22, 2009; Plaintiffs' Opposition

9   (#141), filed February 26, 2009; and the moving Defendants' Reply (#149), filed

10   March 11, 2009.

11   • The AMR Defendants' **Motion to Dismiss for Failure to State Claims Upon**

12   **which Relief can be Granted, or Alternatively, Joinder in Motion to Dismiss**

13   **for Failure to Assert a Short and Plain Statement of the Claim** (#100), filed on

14   January 22, 2009; Plaintiffs' Opposition (#141), filed February 26, 2009; and the

15   AMR Defendants' Reply (#147), filed March 11, 2009.

16   • Plaintiffs' **Request to Amend the "A. Jurisdiction (3)" Paragraph of the**

17   **Amended Complaint to Take Out the Cited Laws and Reword** (#124), filed

18   February 5, 2009; the Mahoney Defendants' Opposition (#133), filed February 19,

19   2009; SEIU Nevada's Joinder to the Opposition (#134), also filed February 19,

20   2009; and Plaintiffs' Reply (#145), filed March 2, 2009.

21   • The AMR Defendants' **Motion to Strike Reply to Responses and Oppositions to**

22   **Plaintiffs' Request to Amend Complaint** (#153), filed March 23, 2009.

23                                            **DISCUSSION**

24   The Court first notes the settled rule that pro se complaints are subject to "less

25   stringent standards than formal pleadings drafted by lawyers" and should be "liberally construed."

26   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97,

AO 72
(Rev. 8/82)

1    106 (1976)). This is particularly true in civil rights cases. *Karim-Panahi v. Los Angeles Police*

2    *Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (holding that courts must afford pro se plaintiffs "the

3    benefit of any doubt"). But pro se litigants must also follow the same rules of procedure that

4    govern other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986).

5            In most or all of their Oppositions to Defendants' pending Motions, Plaintiffs allege

6    new facts not alleged in their First Amended Complaint (Dkt. #3).[1] When a plaintiff alleges new

7    facts in her opposition to a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6),

8    the Court generally must either (1) exclude and ignore the new allegations and consider the motion

9    to dismiss as though the new facts had not been alleged, or (2) treat the defendant's motion as a

10   motion for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d). The Court is disinclined

11   to do either. First, the Court is reluctant to consider Defendants' Motions to Dismiss while

12   excluding Plaintiffs' new fact allegations because Plaintiffs plainly wish to allege new facts, as is

13   apparent not only in their oppositions but also in their Motion to Amend their Complaint (Dkt.

14   #168), and the Court is required to "freely give leave [to amend] when justice so requires." Fed. R.

15   Civ. P. 15(a)(2). Second, the Court is not inclined to convert Defendants' Motions into motions for

16   summary judgment because the new facts Plaintiffs allege in their oppositions are rife with errors

17   making them inadmissible as evidence.[2] In addition, the evidence needed for motions for summary

18

19           [1] For example, in their Opposition (Dkt. #104) to the SNHD Defendants' Motion to Dismiss on Statute
20   of Limitations Grounds (Dkt. #85), Plaintiffs allege that Defendant Stephen Minagil telephoned Debra Pinkney
     on May 7, 2007, and threatened that if Janie Pinkney ("Pinkney") filed a discrimination complaint, "she would
21   never get her licenses and certifications back from Southern Nevada Health District[.]" (Dkt. #104, Opp'n 3.)
     Similarly, in their Opposition (Dkt. #107) to the SNHD Defendants' Motion to Dismiss Debra Sue Pinkney, Steve
22   Minagil, Mary Ellen Britt and Patricia Beckwith from the Litigation (Dkt. #87), Plaintiffs allege a series of facts
     not alleged in their operative Complaint (Dkt. #3), suggesting that Minagil, Britt, and Beckwith had extensive
23   knowledge of Pinkney's alleged mistreatment but were complicit with unlawful activity by SNHD. They also
     allege new facts about phone calls allegedly made to Debra Sue Pinkney. (Dkt. #107, Opp'n 15.)

24           [2] If Plaintiffs desire the Court to consider evidence submitted with their opposition papers, the Court
25   directs them to review the Minute Order in Chambers Regarding the Requirements of *Klingele v. Eikenberry* and
     *Rand v. Rowland* (Dkt. ##45, 86, 95, 98, 102). That Minute Order requires that such evidence be "admissible
26   evidence (*such as affidavits, declarations, depositions, answers to interrogatories, or properly authenticated
     documents as provided in Rule 56(e) [of the Federal Rules of Civil Procedure]*)[.]" (Dkt. #45, Minute Order in
     Chambers 2) (emphasis added)).

AO 72
(Rev. 8/82)

1   judgment come largely from discovery, and discovery does not end in this case until October 9,

2   2009. (Dkt. #144, Scheduling Order 2.) The Court now addresses Plaintiffs' Motion to Amend.

3       **I.**    **Plaintiffs' Motion to Amend (Dkt. #168)**

4           **A.**    **Background**

5           Plaintiffs move to file a second amended complaint. Their Proposed Second

6   Amended Complaint is 75 pages in length, most of which are single-spaced. In their Proposed

7   Complaint, Plaintiffs have dropped one Defendant from their First Amended Complaint (Mercy,

8   Inc.) and added another (Lawrence Sands). In total, Plaintiffs sue 36 Defendants, comprised of 5

9   organizations—her former employer, AMR; AMR's parent company; two related local

10  government entities, and her former union—and 31 individuals, all of whom were employed either

11  by her former employer or one of the government entities. The first section of the Proposed

12  Complaint, titled "A. Jurisdiction," has 27 paragraphs. The first states that "[t]he jurisdiction is

13  invoked pursuant to 28 U.S.C. § 1343 (a)(1,2,3) and 24 U.S.C. § 1983 and 42 U.S.C.§ 1985(1,2,3)

14  and 42 U.S.C. § 1986 and the Constitution of the United States, any Acts of Congress and other

15  local, county, state and federal laws, regulations, rules and statutes that may apply[.]" (Proposed

16  Compl. ¶ 1.) The remaining 26 paragraphs give an overview of Plaintiffs' allegations. Among

17  other claims, Plaintiffs allege that Defendants conspired to violate and did violate Plaintiffs' civil

18  rights, including Pinkney's "general, statutory, constitutional rights[.]" (Proposed Compl. ¶ 4.)

19  Plaintiffs claim that Defendants, motivated by animus against Pinkney's sex, race, and national

20  origin, sought to drive Pinkney from her employment and to cause her to lose her paramedic

21  licenses and certifications. Plaintiffs allege AMR and its parent company created a hostile, violent,

22  and racist work environment, and that AMR employees committed assault and battery against her.

23  Plaintiffs further allege that Defendants violated Pinkney's rights to due process and equal

24  protection of the laws, and that the organizational Defendants violated contracts they had entered

25  with Pinkney.

26  /

AO 72
(Rev. 8/82)

1    The next heading, "B. Parties," sets forth the names and addresses of each

2   Defendant and, for each of them, states that they were acting under color of state law. Plaintiffs sue

3   all individuals Defendants in both their individual and official capacities.

4    Under the next heading, "C. Nature of Case," Plaintiffs enumerate 70 "civil rights"

5   Defendants allegedly violated. The "Nature of the Case" heading also lists what the Plaintiffs

6   consider to be "[t]he discriminatory acts that are the basis of this lawsuit[.]" Those include

7   allegations (some of which duplicate the allegations under section A of the proposed amended

8   complaint) that Defendants conspired to drive Pinkney from her employment and to cause her to

9   lose her paramedic licenses and certifications; conspired to prevent Pinkney from properly

10   performing the duties of her position as an EMT; violated the terms of contracts they had with

11   Pinkney; created a hostile, violent, and racist work environment; carried out physical violence and

12   made threats of violence against Pinkney; assigned Pinkney menial duties; suspended Pinkney or

13   gave her work schedules without pay; demoted her and denied her promotions; failed to afford her

14   equal protection of the laws and due process of law; committed acts and omissions in furtherance

15   of the conspiracy; terminated Pinkney from her employment at AMR; revoked her paramedic

16   certifications and licenses; refused to pursue her grievances; required her to complete excessive

17   corrective actions in order to reinstate her paramedic license; refused to admit her to a paramedic

18   refresher course; refused to permit her to take paramedic licensure exams; made annoying and

19   obscene phone calls to Debra Pinkney; and used an ambulance to annoy and intimidate Pinkney.

20   Plaintiffs also allege that SNHD and her former union treated Pinkney less favorably than similarly

21   situated employees who are not African American.

22    In section "D. Cause of Action[,]" Plaintiffs set forth a 29-page, single-spaced

23   statement of facts describing, in unusual detail, Defendants' acts and omissions that are the basis

24   of Plaintiffs' case. In section "E. Discrimination by Disparate Impact and Disparate Treatment[,]"

25   Plaintiffs set forth facts to support Pinkney's claim that, in her termination and in the invalidation

26   of her certifications and license, she was treated worse than similarly situated, non-black

6

AO 72
(Rev. 8/82)

1   paramedics. In section "F. History or Pattern of Discrimination and Harassment[,]" Plaintiffs make

2   allegations in an apparent attempt to show that the 5 organization Defendants "had a history and/or

3   pattern of [d]iscrimination and [h]arassment." The final four sections (G through J) include a list

4   of letters, meetings, memoranda, and other communications Plaintiffs have sent to or had with

5   private and public officials and organizations in relation to their case; a list of alleged injuries; a

6   prayer for relief; and a request for a jury trial.

7                    **B.        Standard for Motion to Amend and Application to this Case**

8               "Under Rule 15 of the Federal Rules of Civil Procedure, after responsive pleadings

9   have been filed and in the absence of the adverse party's written consent, a party may amend its

10  complaint only by leave of the court." *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789,

11  799 (9th Cir. 2001). The court has discretion to grant leave and should freely do so "when justice

12  so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Fed. R. Civ.

13  P. 15(a)). But the court may deny leave if (1) it will cause undue delay or (2) undue prejudice to

14  the opposing party, (3) the request is made in bad faith, (4) the party has repeatedly failed to cure

15  deficiencies, or (5) the amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512

16  F.3d 522, 532 (9th Cir. 2008).

17              The Court denies Plaintiffs' Motion to Amend because their Proposed Complaint

18  does not clearly inform Defendants of the legal claims against them. This lack of clarity causes

19  undue prejudice to Defendants. *Leadsinger*, 512 F.3d at 532.

20              In a section titled "Jurisdiction," the Proposed complaint cites 29 U.S.C. § 1343, 42

21  U.S.C. §§ 1983, 1985, and 1986, as well as the Constitution, federal statutes, "and other local,

22  county, state and federal laws, regulations, rules and statutes that may apply[.]" But to cite a statute

23  for the purpose of showing jurisdiction is entirely different from citing it as a basis for liability,[3]

24  

25          [3]  To be plain (although oversimplified), the requirement of "jurisdiction" simply ensures that the case
26  is in the right courthouse. *See* Black's Law Dictionary (8th ed. 2004) (defining "jurisdiction" as "[a] court's
    power to decide a case").

AO 72
(Rev. 8/82)

and Plaintiffs do not cite any of those provisions as a basis for liability in their Proposed

Complaint. Plaintiffs' Proposed Complaint clearly alleges that Pinkney was treated worse than

similarly situated persons who are not black. But to bring a complaint to which Defendants can

reasonably respond, *Plaintiffs should clearly specify what particular law(s)* (such as a particular

state or federal statute, or provision of the Nevada Constitution or United States Constitution) *each*

*and every Defendant violated.*[4] In addition, Plaintiffs need to state which of their legal claims

apply to which Defendants. *See Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1130 (9th

Cir. 2008); *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (affirming district court's

dismissal of case because, in part, complaint was not clear enough for reader to "determine . . .

who is being sued, for what relief, and on what theory, with enough detail to guide discovery.").

      Plaintiffs can best cure the defects in their Proposed complaint (and thereby avoid

causing Defendants undue prejudice) in the "Cause of Action" section. Under the "Cause of

Action" heading, Plaintiffs should (1) label each count with a count number (for example, "Count

1"); (2) state what constitutional or statutory provision they are relying on as a basis for liability

(for example, "42 U.S.C. § 1983, Violation of Right to Equal Protection of the Laws"), stating

only one basis at a time; and (3) state which Defendant or Defendants the count is brought against

(for example, SNHD). The headings would then appear as follows:

D. CAUSE OF ACTION

COUNT 1

42 U.S.C. § 1983, Violation of Right to Equal Protection of the Laws

Against SNHD

---

[4] The Court acknowledges that compliance with this rule is generally not required to survive a motion to dismiss pursuant to Rule 8. *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) ("a plaintiff is not required to state the statutory or constitutional basis for his claim, only the facts underlying it.") (citation and internal quotation marks omitted). However, "even though a complaint is not defective for failure to designate the statute or other provision of law violated, the judge may in his discretion . . . require such detail as may be appropriate in the particular case[.]" *Id.* (citing Fed. R. Civ. P. 41(b)). As noted below, the large number of Defendants and the potential complexity of Plaintiffs' case compels the Court to require Plaintiffs to file a Proposed Complaint to which Defendants and the Court can more easily respond.

Beneath each such heading, Plaintiffs should clearly and briefly state what facts (for example, acts or omissions of SNHD) support their claim that a Defendant violated their right to equal protection of the laws. *See* Fed. R. Civ. P. 8(a)(2) (requiring plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Hearns*, 530 F.3d 1124, 1127 (9th Cir. 2008) ("It is the right and duty of a plaintiff . . . to file a 'short and plain statement of the claim'") (quoting *id.*)). In the "Cause of Action" section, Plaintiffs do not need to repeat facts that were set forth in the fact section of their complaint; they should simply (but clearly) reference earlier sections as needed. In addition, to make their complaint easier for the Court and Defendants to reference, Plaintiffs should number each and every paragraph of their complaint from numeral one until the end of the complaint, and not restart the numbering system in different sections. Plaintiffs should also number the pages.

The Court notes that in Plaintiffs' Reply (Dkt. #173), Plaintiffs identify 42 U.S.C. §§ 1343, 1983, 1985, and 1986 as bases for liability. Their Reply thus clarifies what they intended to allege in their Proposed Complaint, but these statutes are not identified as bases for relief in Plaintiffs' actual Proposed Complaint. *See Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (a court's task "is not to discern the unexpressed intent of the plaintiff, but what the words in the complaint mean."). The Court directs Plaintiffs to, as much as possible, make the legal bases on which they rely clear in the proposed complaint itself. The Court also notes that, generally, claims against one's employer for discrimination based on sex and race are brought under Title VII, 42 U.S.C. 2000e *et seq.*, and not under 42 U.S.C. § 1983. Further, Title VII claims may generally be brought only against one's employer, and not one's co-employees. 42 U.S.C. § 2000e-1(b) (2006) (defining "employer," in part, as "a person . . . who has fifteen or more employees"); *id.* § 2000e-2(a) (prohibiting discriminatory conduct by "an *employer*") (emphasis added). Section 1983 claims, in contrast, are generally brought against individual government actors who deprive others of constitutional rights while acting under the color of state law. *See* 42 U.S.C. § 1983 (2006). A section 1983 claim may be successfully brought against a local government entity only where the

1   plaintiff can show that the entity had an established policy or custom that caused employees who

2   implemented the policy or custom to violate the constitutional rights of others. *Monell v. Dep't of*

3   *Soc. Servs. of City of New York*, 436 U.S. 658, 690–92 (1978). But absent such a policy or custom,

4   a local government entity cannot be held liable solely because one of its employees commits an

5   unlawful wrong against another. *Id.* at 691. "[I]n other words, a municipality cannot be held liable

6   under § 1983 on a *respondeat superior* theory." *Id.* The Court gives this brief description of Title

7   VII and § 1983 claims not as an exhaustive suggestion as to the potential legal bases of Plaintiffs'

8   lawsuit, but only to give Plaintiffs a reasonable starting point so that they may prepare a complaint

9   that Defendants and the Court may more easily address.

10      The Court therefore denies Plaintiffs' Motion to Amend without prejudice because

11  the Proposed Complaint is not acceptable. If Plaintiffs desire, they may file a new motion to amend

12  (with a corrected proposed second amended complaint), but they must do so according to the

13  instructions set forth above and within 30 days of the date of this Order. In addition, the Court

14  notes that this case is more than 10 months old, and all parties have a strong interest in moving this

15  litigation forward to its resolution. *See* Fed. R. Civ. P. 1 (noting rules should "be construed and

16  administered to secure the just, speedy, and inexpensive determination of every action and

17  proceeding."). The Court therefore warns Plaintiffs that it is not likely to permit them to amend

18  their Complaint again, and they should therefore ensure they have named all Defendants they

19  intend to sue and have reasonably alleged the legal bases for relief they intend to pursue.

20      Plaintiffs are entitled to represent themselves. But given the sheer number of

21  Defendants they have sued and the potential complexity of this case, the Court strongly urges them

22  to retain an attorney to ensure their lawsuit is competently pursued.

23  **II.      The Remaining Motions**

24      Because Plaintiffs' facts and legal claims are in flux, the Court denies the remaining

25  pending motions in this case as moot. If appropriate, Defendants may renew these motions if

26  Plaintiffs successfully move to amend.

AO 72
(Rev. 8/82)

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Amend (#168) is DENIED without prejudice. If Plaintiffs desire, they may file a new motion to amend (with a proposed second amended complaint), but they must do so according to the instructions set forth above and within 30 days of the date of this Order. Defendants may also oppose Plaintiffs' forthcoming motion to amend.

IT IS FURTHER ORDERED that the following Motions are DENIED as moot:

- Service Employee International Union, Local 1107's Motion to Dismiss First Amended Complaint (#43);

- the SNHD Defendants' Motion to Dismiss on Statute of Limitations Grounds (#85);

- the SNHD Defendants' Motion to Dismiss Debra Sue Pinkney, Steve Minagil, Mary Ellen Britt and Patricia Beckwith from the Litigation (#87);

- the SNHD Defendants' Motion for More Definite Statement (#120);

- Defendants Emergency Medical Services, Mercy, Inc. and American Medical Response, Inc.'s Motion to Dismiss for Failure to Assert a Short and Plain Statement of the Claim (#99);

- the AMR Defendants' Motion to Dismiss for Failure to State Claims Upon which Relief can be Granted, or Alternatively, Joinder in Motion to Dismiss for Failure to Assert a Short and Plain Statement of the Claim (#100);

- Plaintiffs' Request to Amend the "A. Jurisdiction (3)" Paragraph of the Amended Complaint to Take Out the Cited Laws and Reword (#124); and

- the AMR Defendants' Motion to Strike Reply to Responses and Oppositions to Plaintiffs' Request to Amend Complaint (#153).

AO 72
(Rev. 8/82)

1            If appropriate, Defendants may renew these motions if Plaintiffs successfully

2   amend their Complaint.

3            Dated: August 4, 2009.

4

5                           _____

6                           **ROGER L. HUNT**
                        **Chief United States District Judge**

AO 72
(Rev. 8/82)