**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JANIE ALINE PINKNEY, *et al.*,

    Plaintiffs,

vs.

AMERICAN MEDICAL RESPONSE, INC., *et al.*,

    Defendants.

Case No. 2:08-cv-01257-RLH-GWF

**ORDER**

Motion to Compel (Dkt. #224)

This matter is before the Court on Defendants' Motion to Compel (Dkt. #224), filed March 2, 2010; Plaintiffs' Memorandum of Points and Authorities in Opposition and Response to Motion to Compel (Dkt. #229), filed March 12, 2010; Defendant Rory Chetelat's Reply Points and Authorities Supporting Motion to Compel (Dkt. #235), filed March 24, 2010; and Plaintiffs' Supplement[al] Memorandum of Points and Authorities in Opposition to [224] Defendants' Motion to Compel and Supplement to [244] Court's Written Decision Under Submission on [224] Defendants' Motion to Compel (Dkt. #261), filed April 16, 2010. The Court conducted a hearing on this matter on April 1, 2010.

**BACKGROUND**

Defendants allege that Plaintiffs have failed to provide numerous copies of documents listed in Plaintiffs' Fed.R.Civ.P. 26 disclosures. (Dkt. #224 at 2-4). After requesting on several occasions that Plaintiffs supplement their initial disclosures with the missing documents, Defendants seek Court intervention to compel Plaintiffs as the parties are at an impasse. (*Id.*) In response, Plaintiffs admit that they have been unable to produce several of the documents requested because the documents were lost when Plaintiffs' computer crashed. (Dkt. #229 at 3). However, Plaintiffs allege that Defendants are

already in possession of most of the requested documents, which are contained within the Nevada Equal Rights Commission ("NERC") file.[1]  (*Id.* at 3-4).  At the hearing on this matter, Defendants represented to the Court that the requested documents are not contained within the NERC file and that Defendants are not in possession of the documents.

The discovery at issue consists of 31 sets of documents listed in Plaintiffs' Rule 26 disclosures, set forth as follows:

1. Plaintiffs' calendars, diaries and notes pertaining to events from October 2003 through December 2004;
2. Letters to Rory Chetelat and Southern Nevada Health District from October, November and December 2004, which outline Plaintiffs' allegations related to the actions of AMR paramedics;
3. Letters to AMR and Emergency Medical Services Corporation Defendant William Sander from October, November and December 2004, which outline the alleged discriminatory treatment of Plaintiff;
4. Letter from October 2004, granting power of attorney;
5. Complaint filed with the Nevada Equal Rights Commission, dated Feb. 12, 2007;
6. Letters, fax verifications and reports attached to memorandum to Seth Hammond, dated February 13, 2007;
7. Fax to Las Vegas Mayor Oscar Goodman and Nevada Governor Jim Gibbons, dated Feb. 14, 2007;
8. Fax to James Compols, dated Feb. 19, 2007;
9. Fax to Dr. Donald Kwalick, dated Feb. 21, 2007;
10. Fax to Mary Ellen Taylor, dated Feb. 23, 2007;
11. Letter to Rory Chetelat, dated Feb. 26, 2007;
12. Letter from Rory Chetelat, dated March 15, 2007;
13. Complete copy of Memorandum to the Nevada Equal Rights Commission and Equal Employment Opportunity Commission dated April 23, 2007, including attached supporting documents;
14. Instant report attached to statement to the Medical Advisory Board from April 2007;
15. Recording of May 4, 2007 hearing;
16. Letter and documents enclosed with May 9, 2007 letter to the National Registry;
17. Five letters dated from July to December 2007 that were forwarded to the Southern Nevada Health District;
18. Letter from William E. Brown, Jr, dated August 15, 2007;
19. Proof of statements included with August 20, 2007 letter to Fergus Laughridge;
20. Exhibits 3, 4 and 5 attached to September 13, 2007 memorandum to Jesse Mosley;
21. Complete copy of the letter to Office of the Attorney General, dated October 29, 2007;
22. Letter to FBI Las Vegas Field Office, dated November 28, 2007;
23. Written requests to Amy Potts, attached to Plaintiffs' December 13, 2007 letter to Gary Peck of the ACLU;
24. Letter to Larry J. Mosely, dated December 13, 2007;
25. Letter to Elaine L. Chao, dated December 13, 2007;
26. Letter to Lucy Ortega, dated December 13, 2007;

---

[1] Plaintiffs' opposition states that the NERC file was contained in the initial disclosures of Defendant American Medical Response, Inc. ("AMR") and is therefore available to all parties.  (Dkt. #229 at 3).

2

```
       27.   Letter to Clark County Sheriff Douglas Gillespie, dated December 13, 2007;
       28.   Letter to W. Dean Ishman, dated December 13, 2007;
       29.   Notice of Right to Sue, dated June 20, 2008;
       30.   Paycheck stubs for Jane Pinkney during the period of suspension alleged to have
             occurred without due process; and
       31.   Twelve letters directed to other agencies for action.
```
(Dkt. #s 224-2, 224-3, 224-4 at 1-4).

After the hearing on the matter, Plaintiffs submitted a supplement to their opposition and attached copies of documents at issue, which Plaintiffs allege have been disclosed as part of Defendant Southern Nevada Health District's initial disclosures. (Dkt. #261). The documents attached to Plaintiffs' supplement included:

```
       2.    Letters to Rory Chetelat and Southern Nevada Health District from October, November
             and December 2004, which outline Plaintiffs' allegations related to the actions of AMR
             paramedics;
       5.    Complaint filed with the Nevada Equal Rights Commission, dated Feb. 12, 2007;
       7.    Fax to Nevada Governor Jim Gibbons, dated Feb. 14, 2007;[2]
       15.   Recording of May 4, 2007 hearing;[3] and
       29.   Notice of Right to Sue, dated June 20, 2008.
```
(Dkt. #261).

## DISCUSSION

**1.   Defendants' Motion to Compel**

Federal Rule of Civil Procedure 26(a) imposes an automatic initial disclosure requirement on parties to a lawsuit to produce, among other things, "a copy-or a description by category and location-of all documents, electronically stored information, and tangible things that the disclosing party . . . may use to support its claims or defenses . . ." Fed.R.Civ.P. 26(a)(1). In addition, the parties must supplement or correct their initial disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect". Fed.R.Civ.P. 26(e)(1). "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to

---

[2] Defendants' motion to compel requests a copy of Plaintiffs' fax to Las Vegas Mayor Oscar Goodman and fax to Nevada Governor Jim Gibbons, which were both dated Feb. 14, 2007. Plaintiffs' supplement to their opposition did not include a copy of the Feb. 14, 2007 fax to Las Vegas Mayor Oscar Goodman.

[3] Plaintiffs' supplement includes photocopies of two discs, labeled "Jane Pinkney Hearing 5-4-07". (Dkt. #261 at 39). Plaintiffs represent that Defendant Southern Nevada Health District disclosed these discs as part of its Rule 26 disclosures. (*Id.* at 7).

be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Specifically, Rule 37(c)(1) provides that "[i]f a party fails to produce information . . . required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1); *see Merchant Transaction Systems, Inc. v. Nelcela, Inc.*, 2009 WL 2355807, *4 (D.Ariz. 2009) (citing *Dickenson v. Cardia and Thoracic Surgery of Eastern Tenn., P.C.*, 388 F.3d 976, 983 (6th Cir. 2004)) (stating "[t]he exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless").

Under the requirements of Fed.R.Civ.P. 26, Plaintiffs are required to permit inspection or provide Defendants with a copy of all documents listed in their Rule 26 disclosures. If Plaintiffs are unable to produce or fail to disclose these documents, Plaintiffs will not be able to rely on or assert those documents at trial. In their opposition to the present motion and during the hearing on this matter, Plaintiffs admitted that some of the documents at issue have been destroyed and are no longer in Plaintiffs' possession or control. However, at this point, it is unclear to the Court which documents Plaintiffs still have in their possession, which documents have been destroyed and which documents have been disclosed to Defendants. As a result, the Court will allow Plaintiffs fourteen (14) days to supplement her initial disclosures. Under Fed.R.Civ.P. 37(c), the Court will bar the use, at trial or in future motions, of any of the documents at issue not produced within two weeks.

### 2. Plaintiffs' Request for Rule 11 Sanctions

As part of their supplement (Dkt. #261), Plaintiffs request that the Court sanction Defendants for allegedly misrepresenting to the Court that they were not in possession of the documents requested in Defendants' motion to compel (Dkt. #224). As proof that Defendants are in possession of the documents at issue, Plaintiffs submit copies of five (5) of the 31 sets of documents at issue, which were allegedly disclosed by Defendant Southern Nevada Health District as part of its initial disclosures. (Dkt. #261). The Court finds that Plaintiffs' representations and the evidence attached to Plaintiffs' pleadings do not warrant the imposition of sanctions at this time. Accordingly,

. . .

. . .

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel (Dkt. #224) is **granted**. Plaintiffs shall have until **May 26, 2010** to provide Defendants with copies of the 31 sets of documents requested in Defendants' motion to compel (Dkt. #224) and listed above (*see infra*, pp. 2-3). Any of the documents at issue not produced by that date cannot be used in any future motion or at trial.

**IT IS FURTHER ORDERED** that the request for sanctions contained in Plaintiffs' Supplement[al] Memorandum of Points and Authorities in Opposition to Defendants' Motion to Compel and Supplement to Court's Written Decision Under Submission on Defendants' Motion to Compel (Dkt. #261) is **denied**.

DATED this 12th day of May, 2010.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge