# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JANIE ALINE PINKNEY, | Case No.: 2:08-cv-01257-RLH-GWF |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Reconsider–#234; Motion for Leave to File Excess Pages–#305) |
| AMERICAN MEDICAL RESPONSE, INC., EMERGENCY MEDICAL SERVICES, MERCY, INC., SOUTHERN NEVADA HEALTH DISTRICT, MEDICAL ADVISORY BOARD, EMERGENCY MEDICAL SERVICES AND TRAUMA SYSTEMS, SEIU NEVADA, ROY CARROLL, WILLIAM (BILL) SANGER, KURT WILLIAMS, ROBERT FORBUS (AKA FORBES), EDWIN "FLIP" HOMANSKY, RICHARD MANN, DEREK COX, MARIZA LANDEROS, BEDE PARRY, JENNIFER HALL, MARJORIE BARBEAU, MAURICE KAY, ALFREDO CERVANTES, ERIC PAUL, GREGORY CLEMMONS, CHRIS HUGHES, JASON TEAGUE, JASON EDELL, "BJ" KOPKA, AMY POTTS, STEVE KRAMER, CARRIE FOX, BRAD CAMPBELL, GRAHAM JAMIESON, JAMES (BUD) ADAMS, KAREN REPOS, RORY CHETELAT, MARY ELLEN BRITT, PATRICIA BECKWITH, and STEPHEN MINIGIL | |
| Defendants. | |

Before the Court is Plaintiff Janie Pinkney's **Motion to Reconsider** (#234), filed March 22, 2010. The Court has also considered Defendant SEIU Nevada's ("SEIU") Opposition (#241), filed March 30, 2010; Defendant American Medical Response, Inc.'s ("AMR") Opposition (#250), filed April 6, 2010; Defendants Rory Chetelat and Stephen Minagil's Opposition (#252), filed April 9, 2010; and Pinkney's Reply (#249), filed April 5, 2010.

1

1    Also before this Court is AMR's **Motion for Leave to File Excess Pages** (#305),
2 filed August 25, 2010.

### BACKGROUND

This dispute arises from Pinkney's allegations that Defendants conspired to violate her civil rights and discriminate against her. Pinkney filed her original complaint on September 19, 2008. The Court directs the reader to its previous order (Dkt. #230, Mar. 15, 2010) for the procedural and factual background of this case.

On March 15, 2010, the Court issued an order granting, among other things, SEIU's Motion to Dismiss (#206), thereby dismissing SEIU from the case. One week later, Pinkney filed a Motion to Reconsider (#234), asking the Court to reinstate SEIU as a defendant. On August 25, AMR filed a motion for leave to file excess pages to its forthcoming summary judgment motion. For the reasons discussed below, the Court denies both Pinkney's motion to reconsider and AMR's motion for leave to file excess pages.

### DISCUSSION

**I.    Pinkney's Motion to Reconsider**

   **A.    Rule 60(a) Clerical Mistakes and Oversights**

Pinkney asks the Court to correct several alleged clerical mistakes and oversights pursuant to Rule 60(a) of the Federal Rules of Civil Procedure. Rule 60(a) empowers the court to "correct a clerical mistake or a mistake arising from [an] oversight or omission whenever one is found in a judgment, order, or other part of the record." Thus, Rule 60(a) only applies when there is a discrepancy between what the court intended to include in a judgment, order, or record, and what the court actually set out in written form. *Manning v. Astrue*, 510 F.3d 1246, 1248 (10th Cir. 2007). Rule 60(a) is not the proper means of attaining a substantive change in the legal conclusions or analysis of a court order or judgment. *United States v. Kaye*, 739 F.2d 488, 491 (9th Cir. 1984).

/

1  The Court finds Pinkney's Rule 60(a) contentions without merit because she seeks
2  a substantive change in the Court's decision to dismiss certain claims and defendants. The
3  "oversights" that Pinkney identifies in her motion are not oversights at all, but rather an assortment
4  of allegations and claims that the Court has previously considered and rejected. Therefore, the
5  Court concludes that Pinkney's Rule 60(a) objections are misconstrued and, consequently, without
6  merit.

**B.      Rule 60(b) Relief From an Order**

Pinkney also asks the Court to reconsider its previous decision under Rule 60(b) of the Federal Rules of Civil Procedure. Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only for: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgement has been satisfied; or (6) any other reason justifying relief from the judgment.

A motion to reconsider is properly denied when the movant fails to establish any reason justifying relief. *Bucklund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion). Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977). Moreover, a motion for reconsideration "should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Bhatnagar v. Surrendra Overseas*, 52 F.3d 1220, 1231 (3rd Cir. 1995) (citations omitted).

Pinkney requests that the Court reinstate SEIU as a defendant. However, she has failed to establish any reason justifying relief from the Court's previous order dismissing SEIU. That is, Pinkney maintains that her claim against SEIU for negligent representation is valid under the case of *Fray v. Amalgamated Meat Cutters Union*, 9 Wis. 2d 631, 641, (Wis. 1960). In *Fray*,

1 the Supreme Court of Wisconsin concluded that a union could be held liable to one of its members
2 for the negligent representation of that member in a grievance action against the member's
3 employer. *Id.* at 641. The Court has reviewed *Fray* and has determined that it does not change the
4 outcome of its decision—nor is the Court bound to apply a case decided by the Supreme Court of
5 Wisconsin. Pinkney misapplies *Fray's* holding because she did not properly assert a valid claim
6 for a breach of the duty of fair representation. As the Court noted in its previous order, to state a
7 valid claim for breach of the duty of fair representation, a plaintiff must allege that the union acted
8 arbitrarily, discriminatorily, or in bad faith. (Dkt. #203, Order 12:9-10 (citing *United Steelworkers*
9 *of Am., AFL-CIO-CLC v. Rawson*, 495 U.S. 362, 373 (1990)).) Mere negligence is not enough.
10 *Rawson*, 495 U.S. at 373. Therefore, because the gravamen of Pinkney's fair representation claim
11 alleges that SEIU negligently represented her, and because *Fray* does not in any way validate that
12 claim, the Court properly dismissed her claim. Accordingly, the Court denies Pinkney's motion.

        **C.**     **Common Law Negligence**

14         Pinkney has also asserted a new claim of negligence against SEIU in this motion
15 (Dkt. # 249, ¶¶ 4–19). However, a motion to reconsider is not the proper vehicle to assert a new
16 claim against SEIU. Accordingly, Pinkney has failed to present to the Court any justifiable reason
17 to reinstate SEIU as a defendant in this case.

**III.**     **Defendant AMR's Motion for Leave to File Excess Pages**

19         Defendant AMR filed its motion pursuant to Local Rule 7-4, which empowers the
20 Court to permit a party to file a motion in excess of 30 pages. However, the Court concludes that
21 AMR has not presented an adequate justification for an enlargement. The mere fact that AMR
22 believes it will need an excess of 30 pages to address Pinkney's allegations is not sufficient. The
23 Court reminds the parties that a motion for summary judgment is not the proper place to address
24 the allegations of an opposing party or to argue the merits of one's case. Such a motion need only
25 show that "there is no genuine issue as to any material fact and that the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).

IV. **Summary of Remaining Claims**

The Court reiterates Pinkney's viable claims: (1) 42 U.S.C. § 1983 claim against Rory Chetelat and Stephen Minagil; and (2) Title VII (disparate treatment) claim against AMR. All other causes of action and all other Defendants have been dismissed.

### CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED Plaintiff's Motion to Reconsider (# 234) is DENIED.

IT IS FURTHER ORDERED Defendant's Motion for Leave to File Excess Pages (#305) is DENIED.

Dated: August 31, 2010.

_____
ROGER L. HUNT
Chief United States District Judge