# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

**\* \* \***

| | |
|---|---|
| JANIE ALINE PINKNEY, | Case No.: 2:08-cv-01257-RLH-GWF |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Summary Judgment–#331;<br>Motion for Summary Judgment–#334;<br>Motion to Continue Trial–#368) |
| AMERICAN MEDICAL RESPONSE, INC.,<br>EMERGENCY MEDICAL SERVICES,<br>MERCY, INC., SOUTHERN NEVADA<br>HEALTH DISTRICT, MEDICAL ADVISORY<br>BOARD, EMERGENCY MEDICAL<br>SERVICES AND TRAUMA SYSTEMS, SEIU<br>NEVADA, ROY CARROLL, WILLIAM<br>(BILL) SANGER, KURT WILLIAMS,<br>ROBERT FORBUS (AKA FORBES), EDWIN<br>"FLIP" HOMANSKY, RICHARD MANN,<br>DEREK COX, MARIZA LANDEROS, BEDE<br>PARRY, JENNIFER HALL, MARJORIE<br>BARBEAU, MAURICE KAY, ALFREDO<br>CERVANTES, ERIC PAUL, GREGORY<br>CLEMMONS, CHRIS HUGHES, JASON<br>TEAGUE, JASON EDELL, "BJ" KOPKA,<br>AMY POTTS, STEVE KRAMER, CARRIE<br>FOX, BRAD CAMPBELL, GRAHAM<br>JAMIESON, JAMES "BUD" ADAMS,<br>KAREN REPOS, RORY CHETELAT, MARY<br>ELLEN BRITT, PATRICIA BECKWITH, and<br>STEPHEN MINIGIL | |
| Defendants. | |

AO 72
(Rev. 8/82)

Before the Court is Defendant American Medical Response, Inc.'s ("AMR") **Motion for Summary Judgment** (#331), filed October 19, 2010.  The Court has also considered Plaintiff Janie Aline Pinkney's Opposition (#361), filed February 2, 2011, and AMR's Reply (#365), filed February 9, 2011.  Because Defendants Rory Chetelat and Stephen Minagil joined this motion, the Court has also considered their Reply (#366), filed February 9, 2011.

Also before the Court is Defendants Chetelat and Minagil's **Motion for Summary Judgment** (#334), filed November 1, 2010.  The Court has also considered Pinkney's Opposition (#360), filed February 2, 2011, and Chetelat and Minagil's Reply (#367), filed February 9, 2011.

In addition to the parties' filings, the Court heard oral argument from the parties on March 11, 2011.

## BACKGROUND

This dispute arises from Pinkney's allegations that Defendants conspired to violate her civil rights and discriminate against her.  Pinkney filed her original complaint on September 19, 2008.  The Court directs the reader to its previous order (Dkt. #230, Mar. 15, 2010) for the procedural and factual background of this case.

On March 15, 2010, the Court issued an order dismissing all causes of action and parties except for Pinkney's 42 U.S.C. § 1983 claims against Chetelat and Minagil, and her Title VII disparate treatment claim against AMR.  (Dkt. #230).  Chetelat, Minagil, and AMR have now filed motions for summary judgment as to these remaining claims.  AMR has also filed a motion to continue the trial.  For the reasons discussed below, the Court grants Defendants' motions for summary judgment and denies AMR's motion to continue the trial as moot.

## DISCUSSION

### I.    Summary Judgment Standard

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court.  *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d

AO 72
(Rev. 8/82)

1  1468, 1471 (9th Cir. 1994).  Summary judgment is proper when "the movant shows that there is no

2  genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of

3  law." Fed. R. Civ. P. 56(a).  A dispute is "genuine" only if there is a sufficient evidentiary basis

4  on which a reasonable fact finder could find for the nonmovant, and a dispute is "material" only if

5  it could affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*,

6  477 U.S. 242, 248–49 (1986); *Matsushita Elec. Ind. Co. v. Zenith Radio*, 475 U.S. 574, 587

7  (1986).  The movant has the burden of showing the absence of a genuine dispute, and the court

8  must view all facts and draw all inferences in the light most favorable to the nonmovant.  *Zoslaw*

9  *v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982), *cert. denied*, 460 U.S. 1085 (1983).

10     Once the movant satisfies the requirements of Rule 56, the burden shifts to the

11 nonmovant to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*,

12 477 U.S. at 256; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The non-moving party "may

13 not rely on denials in the pleadings but must produce specific evidence, through affidavits or

14 admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosp., Inc.*, 929 F.2d

15 1404 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt

16 as to the material facts." *Matsushita*, 475 U.S. at 586.  "The mere existence of a scintilla of

17 evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

18 **II.     AMR's Motion for Summary Judgment**

19     Pinkney's only remaining claim against AMR is for Title VII disparate treatment.

20 To establish a prima facie claim for disparate treatment, Pinkney must show: (1) she is a member

21 of a protected class; (2) she was performing her job in a satisfactory manner; (3) she suffered an

22 adverse employment decision; and (4) she was treated differently than similarly situated persons

23 outside of her protected class.  *Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1421 (9th Cir. 1990).

24     The Court finds that summary judgment is proper for this claim because AMR has

25 carried its burden of showing an absence of a genuine dispute.  Specifically, AMR has shown that

26 Pinkney cannot produce sufficient evidence to support her allegations of discrimination (*i.e.*,

3

disparate treatment) at trial.  Pinkney alleges several acts of racial discrimination by employees at AMR, her former employer, many of which supposedly involved a number of witnesses.  Yet, the only documentation Pinkney provides in support of these allegations are letters, notes, affidavits, and the like, created by her and her mother, who has no personal knowledge of the events.  Pinkney provides no deposition testimony, affidavits, or any documentation from witnesses to this alleged discriminatory behavior, or from any other person for that matter.  More importantly, however, Pinkney provides no evidence that these alleged acts of discrimination are in anyway connected to AMR's decision to terminate her employment, or that AMR's decision was in any way racially motivated.  In sum, Pinkney provides no admissible evidence to create a triable issue of fact that she experienced disparate treatment.

On the other hand, AMR asserts that it terminated Pinkney's employment because of a consistent pattern of incompetence in particular areas of her job performance—and AMR supports this assertion with uncontroverted evidence.  To illustrate, AMR provided documentation and other testimony from several people coming from a variety of positions, including AMR employees, an emergency room charge nurse at University Medical Center, a security supervisor from the MGM Grand Hotel & Casino, a hearing officer with the Emergency Medical Services and Trauma System, and Southern Nevada Health District employees.

For these reasons, Pinkney has failed to establish that "(2) she was performing her job in a satisfactory manner," or "(4) she was treated differently than similarly situated persons outside of her protected class."  *See Rose*, 902 F.2d at 421.   Therefore, examining the evidence and drawing all inferences in the light most favorable to Pinkney, the Court finds no evidentiary basis on which a reasonable jury could find for Pinkney on this claim.  Accordingly, the Court grants AMR's motion for summary judgment.

## III.    Chetelat and Minagil's Motion for Summary Judgment

Pinkney's only remaining claim, therefore, is an alleged violation of 42 U.S.C. § 1983 against Chetelat and Minagil, who are employees of the Southern Nevada Health District.

AO 72
(Rev. 8/82)

Section 1983 creates liability for any person who, under color of state law, deprives another of rights created by the Constitution and laws of the United States.  To maintain a § 1983 claim, a plaintiff must establish that: (1) an individual acting under color of state law (2) deprived the plaintiff of a constitutionally protected right.  *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

Pinkney alleges that Chetelat and Minagil deprived her of her equal protection rights by revoking her paramedic license, denying her the opportunity to re-license as a paramedic, covering up the fact that this denial was racially motivated, and by conspiring with AMR to discriminate against her.  However, Chetelat and Minagil have carried their burden of showing that Pinkney has not produced any evidence—other than her own affidavits and inadmissible letters, notes, etc.—to support these allegations.  For example, Pinkney claims that other AMR employees were not equally punished by the Health District (*i.e.*, their licenses were not revoked) for the same types of protocol violations that Pinkney committed.  But the evidence Pinkney produces to support this claim is a report from the Health District that merely lists the protocol violations committed over the last ten years and the corrective action taken by the Health District for certain protocol violations.  (Dkt. #361, Opp'n, Ex. 9.)  Because this report provides no information about the race of the individuals that committed these protocol violations, there is no evidentiary basis upon which a reasonable jury could find that Chetelat and Minagil deprived of Pinkney of her equal protection rights.

Pinkney also specifically claims that there were 3,792 protocol violations in a five-year period that Chetelat and Minagil refused to investigate, but she provides no evidence establishing the accuracy of that number.  Finally, Pinkney claims that she completed the paramedic refresher course, and then Chetelat and Minagil refused to allow her to take the remaining steps necessary to become re-licensed.  However, Pinkney has only provided the Court with evidence suggesting that she initiated part of the paramedic refresher course—not that she completed the course entirely.

///

AO 72
(Rev. 8/82)

And even if she had completed the course, she has still failed to create a triable issue of fact that Chetelat and Minagil refused to allow her to be re-licensed because of her race.

In addition, the Defendants have produced evidenced demonstrating that Pinkney's license was revoked pursuant to objective procedures and that she could have regained her licence if she had taken certain corrective steps. Although Pinkney has presented some evidence to support her allegations (*i.e.*, her own affidavits, letters, notes, etc.), such evidence is so minimal that it fails to create a genuine dispute as a matter of law. Therefore, as with her Title VII claim against AMR, Pinkney has failed to produce sufficient evidence to show that a reasonable jury could find for her. Accordingly, the Court grants Chetelat and Minagil's motion for summary judgment.

**IV.    Motion to Continue Trial**

AMR has requested the Court to continue the April 25, 2011, trial date to allow the Court ample time to address the foregoing motions for summary judgment. Because the Court has addressed the motions in this order and grants summary judgment against Pinkney's claims, AMR's motion is denied as moot.

///
///
///
///
///
///
///
///
///
///
///

AO 72
(Rev. 8/82)

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that AMR's Motion for Summary Judgment (#331) is GRANTED.

IT IS FURTHER ORDERED that Chetelat and Minagil's Motion for Summary Judgment (#334) is GRANTED.

IT IS FURTHER ORDERED that AMR's Motion to Continue Trial (#368) is DENIED as moot.

The Court orders the Clerk of Court to close the case.

Dated: March 14, 2011

_____
**ROGER L. HUNT**
**Chief United States District Judge**

AO 72
(Rev. 8/82)